NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL MALONE, | No. 10-16612 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-00743-AWI-SMS |
| v. | |
| TOM FELKER, Acting Warden, HDSP and MATTHEW C. KRAMER, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted September 14, 2011
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for Northern Ohio, Cleveland, sitting by designation.

Appellant appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Appellant argues that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing a telephone message he received, claiming defense witness "Orbus Weathers was a bad guy and not to be trusted." We review the denial of the petition *de novo*. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). We affirm.

Here, the California Superior Court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). The state court's holding that the telephone message was not favorable to the accused was not unreasonable. *See Brady*, 373 U.S. at 87. Under *Brady*, the evidence may not be withheld if it "would tend to exculpate [the defendant]." 373 U.S. at 87–88. No Supreme Court precedent clearly establishes that possible impeachment evidence of a defense witness is favorable to the accused, thereby mandating disclosure under *Brady*. *United States v. Bagley*, 473 U.S. 667, 676–77 (1985), merely holds that impeachment evidence

2

of Government witnesses must be disclosed.  We therefore need not analyze the other components of a *Brady* violation.

Appellant argues that the nondisclosure of information that leads to the discovery of admissible evidence must be disclosed.  However, assuming the statement was favorable to the defendant, the nondisclosed evidence must be material in order to be prejudicial (the third component of a violation).  *Strickler*, 527 U.S. at 280.  Here, the telephone message was not material under *Brady*.  The message did not adequately or reasonably suggest to the prosecutor that it was or would lead to material, favorable evidence for the defense.

**AFFIRMED.**